UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Candyland, Inc., ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | **(Jury Trial Demanded)** |
| ) | |
| Snyder's-Lance, Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Candyland, Inc. ("Candyland"), for its Complaint against Defendant Snyder's-Lance, Inc. ("Snyder's-Lance"), alleges as follows:

## PARTIES

1. Candyland is a Minnesota corporation having a principal place of business in St. Paul, Minnesota.

2. Upon information and belief, Snyder's-Lance is a North Carolina corporation with its principal place of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, et seq., Minn. Stat § 325D.44, et seq., and Minnesota Common Law.

4. This Court has personal jurisdiction over Snyder's-Lance because Snyder's-Lance does significant business in the State of Minnesota.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

## FACTS

### Candyland's CHICAGO MIX® Popcorn

6. Candyland is a small-family owned business that has been in business for over 80 years and specializes in the sale of high-quality popcorn, candy and fine chocolates.

7. Candyland's popcorn comes in a variety of flavors and is popped fresh, hand-stirred, and bagged every day.

8. Candyland is the owner of federal trademark Registration No. 1,713,984 for the trademark CHICAGO MIX® for use in connection with flavored popcorn.

9. Specifically, Candyland uses its CHICAGO MIX® mark in connection with its combination of traditional seasoned popcorn mixed with caramel and cheddar flavored popcorns. Candyland's CHICAGO MIX® popcorn is one of the company's best sellers.

10. For over two decades, Candyland has been continually and exclusively using the CHICAGO MIX® mark nationwide in interstate commerce to identify its goods and distinguish its goods from those made and sold by others.

11. Due to the continual use of the CHICAGO MIX® mark by Candyland, the mark has acquired secondary meaning as indicating a single source of Candyland's goods. The CHICAGO MIX® mark has further come to indicate Candyland as the single source of such quality goods.

12. Candyland has expended considerable time, resources, and effort in promoting the CHICAGO MIX® mark and developing substantial goodwill associated therewith.

13. The CHICAGO MIX® mark is an extremely important asset to Candyland and Candyland has enforced the mark against infringers and potential infringers.

### Snyder's-Lance's Infringing "CHICAGO MIX" Popcorn

14. Upon information and belief, Snyder's-Lance is a business that manufactures and markets snack food products.

15. Upon information and belief, Snyder's-Lance's products are distributed widely through grocery and mass merchandisers, convenience stores, club stores, food service outlets and other channels.

16. Upon information and belief, Snyder's-Lance manufactures and markets a line of popcorn products under the O-KE-DOKE® mark.

17. Upon information and belief, Snyder's-Lance's O-KE-DOKE® line of popcorn is sold in stores throughout the United States, including Minnesota. In Minnesota, the O-KE-DOKE® line is sold in stores such as, without limitation, Rainbow Food Stores, Cub Foods, Jerry's Foods, Wal Mart, and K Mart.

18. Upon information and belief, consumers can also purchase O-KE-DOKE® popcorn at Snyder's-Lance's online store at http://snydersofhanover.stores.yahoo.net.

19. Upon information and belief, Snyder's-Lance's O-KE-DOKE® line consists of a number of flavors of popcorn, including a combination of cheese and caramel corn mixed together, which Snyder's-Lance refers to as "CHICAGO MIX."

20. The "CHICAGO MIX" mark used in connection with Snyder's-Lance's O-KE-DOKE® flavored popcorn is identical to Candyland's CHICAGO MIX® mark.

21. Without Candyland's permission, authorization, approval or consent, and with actual knowledge of Candyland's prior rights in its CHICAGO MIX® trademark, Snyder's-Lance commenced use of the confusingly similar "CHICAGO MIX" mark in connection with flavored popcorn.

22. Snyder's-Lance's use of the "CHICAGO MIX" mark in connection with its flavored popcorn is likely to cause confusion, mistake, or deception. Consumers have and are likely to continue to mistakenly believe that the flavored popcorn Snyder's-Lance offers as "CHICAGO MIX" is sponsored, endorsed, or approved by Candyland, or is in some other way affiliated, connected, or associated with Candyland, all to the detriment of Candyland.

23. Upon information and belief, unlike Candyland's popped popcorn, which is popped fresh, hand-stirred, and bagged every day, the O-KE-DOKE® line is pre-bagged and shipped to various stores throughout the country for sale to the consumer.

24. Upon information and belief, Candyland and Snyder's-Lance target the same class of consumer.

25. Upon information and belief, Snyder's-Lance markets its O-KE-DOKE® popcorn in the same channels of trade used by Candyland to market its CHICAGO MIX® flavored popcorn.

26. Candyland has demanded that Snyder's-Lance cease all use of the "CHICAGO MIX" mark in connection with Snyder's-Lance's sale of flavored popcorn,

but Snyder's-Lance has not done so. Despite Candyland's objection, Snyder's-Lance continues to use the identical and confusingly similar "CHICAGO MIX" mark in connection with closely related products.

27. Upon information and belief, Snyder's-Lance intentionally adopted the confusingly similar "CHICAGO MIX" mark and incorporated it in order to trade off the goodwill Candyland has created in its CHICAGO MIX® mark.

## COUNT I
### (Trademark Infringement of a Registered Mark)
### (Lanham Act § 32, 15 U.S.C. § 1114)

28. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

29. Snyder's-Lance's unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of Snyder's-Lance with Candyland, or as to the origin, sponsorship, or approval of Snyder's-Lance's popcorn products by Candyland. This unauthorized use of "CHICAGO MIX" constitutes trademark infringement under 15 U.S.C. § 1114.

30. Snyder's-Lance's unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

31. Snyder's-Lance has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Snyder's-Lance's unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT II
### (Federal Unfair Competition)
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

32. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

33. Snyder's-Lance's unauthorized use of "CHICAGO MIX" in connection with flavored popcorn is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

34. Snyder's-Lance's unauthorized use of "CHICAGO MIX" in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Snyder's-Lance with Candyland, or as to the origin, sponsorship, or approval of Snyder's-Lance's flavored popcorn or commercial activities by Candyland.

35. Snyder's-Lance's unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

36. Snyder's-Lance has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Snyder's-Lance's unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III
### (Minnesota Deceptive Trade Practices Act)
### (Minn. Stat. § 325D.44, et seq.)

37. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

38. Snyder's-Lance's unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Snyder's-Lance with Candyland, or as to the origin, sponsorship, or approval of Snyder's-Lance's flavored popcorn or commercial activities by Candyland and constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

39. Snyder's-Lance's unlawful actions have caused and will continue to cause Candyland irreparable harm unless enjoined, and its actions also create a risk of future harm.

40. Snyder's-Lance has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Snyder's-Lance's unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
### (Common Law Unfair Competition)

41. Candyland restates and incorporates by reference the allegations in the previous paragraphs of this Complaint.

42. Snyder's-Lance's unauthorized use of the "CHICAGO MIX" mark in connection with flavored popcorn is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Snyder's-Lance with Candyland, or as to the origin, sponsorship, or approval of Snyder's-Lance's flavored

popcorn or commercial activities by Candyland and constitutes common law unfair competition under Minnesota state law.

43. Snyder's-Lance's unlawful actions have caused, and will continue to cause, Candyland irreparable harm unless enjoined.

44. Snyder's-Lance has profited from its unlawful actions and has been unjustly enriched to the detriment of Candyland. Snyder's-Lance's unlawful actions have caused Candyland monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## **CONCLUSION**

**WHEREFORE**, Candyland prays that the Court enter judgment:

1. In favor of Candyland and against Snyder's-Lance on all of Candyland's claims;

2. Permanently enjoining and restraining Snyder's-Lance, its parent company, subsidiaries, affiliates, sister companies, officers, agents, servants, employees, attorneys, and all others in active concert or participation with Snyder's-Lance from:

    A. Using the mark "CHICAGO MIX" or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify goods and services not produced or authorized by Candyland;

    B. Unfairly competing with Candyland in any manner whatsoever;

    C. Causing likelihood of confusion or injury to business reputation of the distinctiveness of Candyland's CHICAGO MIX® mark; and

   D.  Committing any other act that infringes Candyland's CHICAGO MIX® mark or constitutes an act of trademark or service mark infringement, contributory infringement, or unfair competition under federal common law or Minnesota state law.

  3.  Requiring Snyder's-Lance to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and all other materials in Snyder's-Lance's possession or control that infringe Candyland's CHICAGO MIX® mark;

  4.  Requiring Snyder's-Lance to account for and pay over to Candyland the amount of Candyland's damages pursuant to 15 U.S.C. § 1117;

  5.  Requiring Snyder's-Lance to account for and pay over to Candyland the amount of Snyder's-Lance's profits pursuant to 15 U.S.C. § 1117;

  6.  Requiring Snyder's-Lance to account for and pay over to Candyland the costs of the action pursuant to 15 U.S.C. § 1117;

  7.  Finding this case is exceptional and trebling any damage award pursuant to 15 U.S.C. § 1117;

  8.  Finding this case is exceptional and requiring Snyder's-Lance to pay over to Candyland its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117;

  9.  Requiring Snyder's-Lance to account for and pay over to Candyland the amount of Candyland's damages, together with costs and disbursements, including costs of investigation and reasonable attorneys' fees;

10. Requiring Snyder's-Lance to pay Candyland pre- and post- judgment interest, pursuant to Minn. Stat. § 549.09; and

11. Awarding Candyland such other relief as the Court may deem just and equitable.

Respectfully submitted,

WINTHROP & WEINSTINE, P.A.

Dated: August 8, 2014

s/David A. Davenport
David A. Davenport, #285109
Erin O. Dungan, #386430

3500 Capella Tower
225 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 604-6400
Fax: (612) 604-6800
E-Mail: ddavenport@winthrop.com
edungan@winthrop.com

*Attorneys for Plaintiff Candyland, Inc.*

9382790v1